Abrams, R.

PREET BHARARA
United States Attorney for the
Southern District of New York
By: LOUIS A. PELLEGRINO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2617
E-mail: louis.pellegrino@usdoj.gov

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/22/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

KINRAY, LLC,

Defendant.

16 Civ. 9767-RA

**CONSENT ORDER**

WHEREAS, on or about December 19, 2016, the United States of America (the "United States"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, commenced the above-captioned action by filing a complaint (the "Complaint") in this Court against Kinray, LLC. ("Kinray") ("Defendant");

WHEREAS, at all times relevant to the Complaint, Defendant was a DEA-registered distributor that distributed substances classified as "Schedule II-V" controlled substances under the Controlled Substances Act, as amended, 21 U.S.C. §§ 801 *et seq*. ("CSA");

WHEREAS, distributors of controlled substances must design and operate a system to disclose "suspicious orders" of controlled substances, and inform the DEA of any such orders, *see* 21 C.F.R. § 1301.74(b);

WHEREAS, suspicious orders include "orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency," *see id.*;

WHEREAS, the Complaint alleges that between January 1, 2011 and May 14, 2012, Defendant committed reporting violations of the CSA regulations by failing to adequately operate a system designed to identify suspicious orders of controlled substances and inform the DEA of those suspicious orders pursuant to 21 C.F.R. §§ 1301 *et seq.* (the "Covered Conduct");

WHEREAS, the United States and Defendant have reached a full and final mutually agreeable resolution of the Government's claims in this matter;

NOW, THEREFORE, it is hereby ORDERED that:

1. The Court's subject matter jurisdiction is undisputed and Defendant consents to the Court's exercise of personal jurisdiction over it.

2. Defendant admits, acknowledges, and accepts responsibility for the following violation of the regulations promulgated by the DEA pursuant to its authority in the Controlled Substances Act:

> Between January 1, 2011 and May 14, 2012, Defendant failed to inform DEA that certain orders for controlled substances it received from some customers were suspicious, as required by 21 C.F.R. § 1301.74(b).

3. Defendant shall pay the sum of $10,000,000 to the United States (the "Settlement Amount"). Defendant shall make payment of the Settlement Amount by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for

the Southern District of New York. The Settlement Amount shall be paid within 30 days of the entry of this Consent Order or receipt by Defendant of the electronic funds transfer instructions from the United States Attorney's Office, whichever is later.

4. In the event the Settlement Amount is not paid in full in accordance with the terms set forth in Paragraph 3 above, Defendant shall agree to the entry of a Consent Judgment in the form attached hereto as Exhibit A, in the amount of one and a half times (*i.e.*, 150% of) the Settlement Amount. Additionally, the United States, at its option, also may:

a. Rescind this Consent Order and reinstate the Complaint filed in this action as to the Defendant or seek specific performance of this Consent Order;

b. offset any remaining unpaid balance from any amounts due and owing the Defendant by any department, agency or agent of the United States at the time of default; or

c. exercise any other rights granted by law, or under the terms of this Consent Order, or recognizable at common law or in equity.

5. Defendant shall comply with the requirements of 21 C.F.R. § 1301.74(b).

6. Defendant shall voluntarily submit to DEA inspections in accordance with 21 C.F.R. § 1316.03 and 21 C.F.R. § 1316.08 at any time without condition and without advance notice.

7. Subject to the exceptions in Paragraphs 8 and 9 below, in consideration of the obligations set forth in this Consent Order, and conditioned upon Defendant's payment in full of the Settlement Amount in compliance with Paragraph 3 above, the United States (on behalf of itself and its agencies, departments, officers, employees, servants and agents) releases Defendant its subsidiaries, affiliates, predecessors, successors, parent companies, and any assigns of each

from any civil claims or administrative claims that the United States has under the CSA for the Covered Conduct.

8. This Consent Order is intended to be for the benefit of the United States and Defendant only; by this instrument the parties to this Consent Order do not release any claims against any other person or entity.

9. Notwithstanding any term of this Consent Order, including the release provided in Paragraph 7, any and all of the following are specifically reserved and excluded from the scope and terms of this Consent Order as to any entity or person:

    a. any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

    b. any criminal liability;

    c. except as explicitly stated in this Consent Order, any administrative liability, including suspension or debarment from participating in transactions with the United States;

    d. any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e. any claims based upon such obligations as are created by this Consent Order; and

    f. any liability to the United States of any entity or person that or who is not released by the terms of this Consent Order.

10. In the event of a criminal prosecution or administrative action relating to the allegations asserted in the Complaint, Defendant waives and will not assert any defenses it may have based in whole or in part on a contention that, under the Double Jeopardy Clause in the

Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Consent Order bars a remedy sought in such criminal prosecution or administrative action.

11.  Defendant represents and warrants that it has reviewed its financial situation, that it is currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and that it reasonably believes that it shall remain solvent following payment to the Government of the Consent Order. Further, the Parties warrant that, in evaluating whether to execute this Consent Order, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendant, within the meaning of 11 U.S.C. § 547(c)(1); and (b) have concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendant were or became indebted to on or after the date of this Consent Order, within the meaning of 11 U.S.C. § 548(a)(l).

12.  If within 91 days of the Effective Date of this Consent Order or any payment made under this Consent Order, Defendant commences, or a third party commences, any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of Defendant's debts, or seeking to adjudicate Defendant as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Defendant or for all or part of Defendant's assets, Defendant agrees as follows:

      a.      Defendant's obligations under this Consent Order may not be avoided pursuant to 11 U.S.C. § 547, and Defendant shall not argue or otherwise take the position in any such case, action, or proceeding that (i) Defendant's obligations under this Consent Order may be avoided under 11 U.S.C. § 547; (ii) Defendant was insolvent at the time this Consent Order was entered into; or (iii) the mutual promises, covenants, and obligations set forth in this Consent Order do not constitute a contemporaneous exchange for new value given to Defendant.

      b.      If any of Defendant's obligations under this Consent Order are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the Government, at its option, may rescind the release in this Consent Order and bring any civil and/or administrative claim, action, or proceeding against Defendant for the claims that would otherwise be covered by the release in Paragraph 7 above. Defendant agrees that (i) any such claim, action, or proceeding brought by the Government would not be subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the case, action, or proceeding described in the first clause of this Paragraph, and Defendant shall not argue or otherwise contend that the Government's claim, action, or proceeding is subject to an automatic stay; (ii) Defendant shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action, or proceeding that is brought by the Government within 60 calendar days of written notification to Defendant that the release has been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the Effective Date; and (iii) the Government has a valid claim against Defendant in the amount of the Settlement Amount

and the Government may pursue its claim in the case, action, or proceeding described in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

      c.      Defendant acknowledges that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Consent Order.

13. Nothing in this Consent Order constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code.

14. The Court will retain jurisdiction over the enforcement and interpretation of this Consent Order and to resolve all disputes arising hereunder.

15. The undersigned signatories represent that they are fully authorized to enter into this Consent Order and to execute and legally bind the parties they represent to the terms of this Consent Order.

16. This Consent Order contains the entire agreement between Defendant and the United States with respect to the subject matter of the Complaint. No prior agreements, oral representations or statements shall be considered part of this Consent Order.

Dated: New York, New York
December 12, 2016

For Kinray, LLC:

By: ______________________
Patrick Fitzgerald, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, Illinois 60606
Tel: (312) 407-0508
E-mail: patrick.fitzgerald@skadden.com

For the United States of America:

PREET BHARARA
United States Attorney

By: ______________________
LOUIS A. PELLEGRINO
Assistant United States Attorney
86 Chambers Street, 3d Floor
New York, NY 10007
Tel: (212) 637-2617
E-mail: louis.pellegrino@usdoj.gov

______________________
By: Authorized Representative of Kinray, LLC.
MARC DELORENZO
General Manager, Kinray, LLC

SO ORDERED ON THIS 22nd DAY OF December, 2016:

______________________
HON.
UNITED STATES DISTRICT COURT JUDGE

Dated: New York, New York
December 20, 2016

For Kinray, LLC:

By: ______________________

Patrick Fitzgerald, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, Illinois 60606
Tel: (312) 407-0508
E-mail: patrick.fitzgerald@skadden.com

For the United States of America:

PREET BHARARA
United States Attorney

By: ______________________

LOUIS A. PELLEGRINO
Assistant United States Attorney
86 Chambers Street, 3d Floor
New York, NY 10007
Tel: (212) 637-2617
E-mail: louis.pellegrino@usdoj.gov

______________________

By: Authorized Representative of Kinray, LLC.
MARC DELORENZO
General Manager, Kinray, LLC

SO ORDERED ON THIS ____ DAY OF DECEMBER 2016:

______________________

HON. RONNIE ABRAMS
UNITED STATES DISTRICT COURT JUDGE

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,
Plaintiff,
v.
KINRAY, LLC,
Defendant.

16 Civ. 9767-RA

**CONSENT JUDGMENT**

Upon the consent of plaintiff the United States of America (the "Government") and defendant Kinray, LLC ("Kinray"), following entry of a stipulation and order of settlement and dismissal; it is hereby

ORDERED, ADJUDGED AND DECREED: that the Government is awarded judgment in the sum of $15 million as of December __, 2016, as against Kinray and any and all applicable post-judgment interest as permitted by law.

Consented to by:

Dated: December __, 2016
New York, New York

PREET BHAHARA
United States Attorney
Southern District of New York

By: ______________________
LOUIS A. PELLEGRINO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel: (212) 637-2617
E-mail: louis.pellegrino@usdoj.gov

Dated: December __, 2016
New York, New York

By: ________________________
Patrick Fitzgerald, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, Illinois 60606
Tel: (312) 407-0508
E-mail: patrick.fitzgerald@skadden.com

Dated: ____________________
New York, New York

SO ORDERED:

________________________________
HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE